UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ARIAL PAULINO,

                         Plaintiff,

   v.                                             9:12-CV-0076
                                                  (TJM/TWD)

BRIAN FISCHER, et al.,

                         Defendants.

---

APPEARANCES:

ARIEL PAULINO
10-R-2742
Plaintiff, pro se
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Ariel Paulino commenced this action by filing a civil rights complaint and in forma pauperis application. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order filed May 14, 2012, plaintiff was granted leave to proceed in forma pauperis and, following review of his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), his complaint was dismissed, but plaintiff was granted leave to amend. Dkt. No. 7 (the "May Order"). Presently before the Court for review is a motion for reconsideration of the May Order. Dkt. No. 9. Plaintiff has also submitted an amended complaint. Dkt. No. 10

(Am. Compl.). For the reasons set forth below, the motion for reconsideration is denied; some of the claims in the amended complaint are dismissed; and the remaining claims in the amended complaint are accepted for filing.

## II. DISCUSSION

### A. The Original Complaint and the May Order

Upon review, and construing plaintiff's complaint liberally, plaintiff's complaint was found to assert the following claims: (1) defendants Commissioner Fischer ("Commissioner") of the New York State Department of Corrections and Community Supervision ("DOCCS") and the Deputy Commissioner ("Deputy Commissioner") of DOCCS were deliberately indifferent to the wrongdoing of their employees; (2) defendant John Doe # 3 issued plaintiff a disciplinary ticket which was false, and not based upon sufficient evidence, and defendants Nunez, Sgt. John Doe # 2, and defendant John Doe # 1, Superintendent of Cape Vincent C.F. ("Superintendent"), knew or should have known that the disciplinary ticket issued by John Doe # 3 was false and backed by no evidence; (3) plaintiff was denied due process and equal protection because the misbehavior report issued to him by John Doe # 3 was not signed under penalty of perjury, and at the subsequent disciplinary hearing, defendant Knapp (the hearing officer) did not require the witnesses for the correctional facility to testify under penalty of perjury; (4) plaintiff was denied due process and equal protection because his visitor was intimidated into implicating plaintiff for her marijuana possession and later harassed while testifying at plaintiff's disciplinary hearing; (5) plaintiff's phone calls were recorded, without a warrant; (6) defendants failed to conduct an adequate investigation into the charges brought against plaintiff; (7) defendants conspired to bring false charges against

plaintiff by threatening his witness to either testify against him or face her own criminal charges; (8) defendant John Doe # 1, Superintendent, failed to intervene to correct the alleged wrongdoing by his employees; and (9) defendant Knapp denied plaintiff due process at his disciplinary hearing. May Order at 4-5.

The Court found that any amendment of the following claims would be futile, and thus dismissed them with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b): (1) plaintiff's claims against defendants John Doe # 3, Nunez, Sgt. John Doe # 2, and John Doe # 1 (Superintendent) relating to the issuance of an allegedly false (and unsworn) misbehavior report; and (2) plaintiff's claim that the defendants failed to adequately investigate the charges lodged against plaintiff. May Order at 17. Additionally, defendant Nunez was dismissed with prejudice. *Id*. The remaining claims set forth in the complaint were dismissed without prejudice to plaintiff filing an amended complaint. *Id.*

### B.     Motion for Reconsideration

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.Y.N.D. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a

rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

In his motion for reconsideration, plaintiff does not suggest that there has been either an intervening change in the controlling law or that he has discovered new evidence, thus it appears that he seeks reconsideration to remedy a clear error of law or to prevent a manifest injustice. Among other things, plaintiff claims that the May Order was incorrect to the extent that it found that (1) the issuance of a false misbehavior report does not state a constitutional claim and (2) plaintiff's complaint had failed to include sufficient allegations to plausibly suggest that the supervisory defendants were responsible for the wrongdoing which he alleged in his complaint. *See generally* Dkt. No. 9.

Plaintiff argues that a false misbehavior report can amount to a constitutional violation because (1) it results in immediate adverse consequences to the inmate and (2) when written to harass, annoy or intimidate the inmate, it violates New York State regulations. Dkt. No. 9 at 1-2, 6-7. "[T]he only way that false accusations contained in a misbehavior report can rise to the level of a constitutional violation is when there has been more such as 'retaliation against the prisoner for exercising a constitutional right.'" *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 471-72 (N.D.N.Y. 2009) (*quoting Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997)).[1] The complaint is not read to assert a retaliation claim against Sgt. John Doe. Moreover, a violation of state laws or regulations does not rise to the level of a constitutional violation. *See Hyman v. Holder*, No. 96 Civ. 7748, 2001 WL 262665, at *6 (S.D.N.Y. Mar.

---

[1] Likewise, "a prisoner enjoys no constitutional right against being issued an administrative segregation recommendation that turns out to be false." *Cabassa v. Gummerson*, No. 9:01-CV-1039, 2008 WL 4416411, at *6, n.23 (N.D.N.Y. Sept.24, 2008) (citing, *inter alia, Ciaprazi v. Goord*, No. 9:02-CV-0915, 2005 WL 3531464, at *13 (N.D.N.Y. Dec. 22, 2005) ("It is well established that in the absence of other aggravating factors, an inmate enjoys no constitutional right against the issuance of a false misbehavior report").

4

15, 2001). (Regardless of any alleged violations of internal regulations, the law is settled that the failure to follow a DOCS Directive or prison regulation does not give rise to a federal constitutional claim.) Plaintiff has not stated a basis for reconsideration with respect to the issuance of an alleged false misbehavior report.

Plaintiff also argues that "constructive notice" through receipt of appeals, letters, and grievances, can impose liability upon a supervisor for the wrongdoing of his or her subordinates. Dkt. No. 9 at 3. Plaintiff thus asserts that the May Order was incorrect to the extent that the supervisory defendants were dismissed. *Id*. at 3-6. Although plaintiff is correct that, under certain circumstances a supervisor can be found liable for the wrongdoing of subordinates if the supervisor learned of the wrongdoing through reports, appeals, or otherwise, and failed to take corrective action, plaintiff failed to allege sufficient facts in his original complaint to impose such liability upon the supervisory defendants. Therefore, plaintiff's motion for reconsideration fails in this regard.

The Court has thoroughly reviewed the remainder of plaintiff's motion for reconsideration and finds that plaintiff presents no basis for reconsideration of the May Order. Thus, plaintiff's motion for reconsideration (Dkt. No. 9) is denied in its entirety.

**C.    Review of the Amended Complaint**

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) was discussed at length in the May Order and it will not be restated in this Decision and Order. *See* May Order at 2-4.

The facts are stated as alleged in plaintiff's amended complaint. On Saturday, June 25, 2011, while plaintiff was in the visiting room at Cape Vincent Correctional Facility with his girlfriend, they were approached by Sgt. John Doe # 1 and two other correctional officers.

5

Am. Compl. at 6. Sgt. John Doe had a napkin with the name of plaintiff's girlfriend written on it. *Id*. Plaintiff's girlfriend was "forcibly seized" and plaintiff was escorted to the Special Housing Unit ("SHU") and placed in a "dry room." *Id*. at 6-7. A "dry room" is a room that contains no toilet, but only a bucket to use for going to the bathroom; the inmate placed in the dry room is under constant supervision. *Id*. at 7. On Sunday, June 26, 2011, plaintiff was given a drug test. *Id*. On Tuesday, June 28, 2011, plaintiff was advised by letter that his girlfriend had been arrested for marijuana possession and conspiracy. *Id*. On Wednesday, June 29, 2011, plaintiff received a misbehavior report charging him with smuggling and conspiracy, and was told that he was officially confined to SHU. *Id.* Up until this point, plaintiff had been "administratively segregated without knowledge as to why." *Id*. On Friday, June 30, 2011, plaintiff "was given a hearing" where he was told that, per the Inspector General's Office, the facility had no evidence against him, and that they would have to wait and see what evidence was gathered. *Id*. Plaintiff was apparently returned to SHU and did not receive an actual hearing on the misbehavior report until July 21, 2011. *Id*. Plaintiff "was not shown an extension from Albany" allowing the facility to delay his disciplinary hearing past the seven days that a hearing should have been held. *Id.* Plaintiff was denied due process at his disciplinary hearing by hearing officer defendant Knapp. *Id*. at 8-9. Defendant Knapp found plaintiff guilty of the charges against him and sentenced him to serve eighteen months in SHU. *Id*. Upon appeal, defendant Fischer reduced plaintiff's sentence to twelve months in SHU. *Id*. The Inspector General's Office had been routinely taping plaintiff's phone calls without a warrant. *Id*. at 7-9. John Does ## 2, 3, and 4 placed plaintiff in administrative keep-lock without due process, under conditions which imposed cruel and

6

unusual punishment. *Id*. at 1, 10. For a more complete statement of plaintiff's claims, refer to the amended complaint.

Construing the amended complaint liberally, plaintiff alleges the following claims: (1) Sgt. John Doe # 1 issued plaintiff a false misbehavior report; (2) hearing officer Knapp denied plaintiff due process at his disciplinary hearing; (3) Commissioner Fischer and Superintendent LaConey are liable as supervisors for the misconduct of their subordinates because, among other things, they failed to correct the wrongdoing when it was called to their attention; (4) plaintiff's telephone calls were recorded by the Inspector General's Office without a warrant; and (5) plaintiff was administratively confined by John Does ## 2, 3, and 4, without due process, and under conditions which constituted cruel and unusual punishment.

### 1. Defendants Not Included in the Amended Complaint

Plaintiff has not included "Deputy Commissioner of New York State Corrections;" "Sgt. John Doe # 2, Cape Vincent Correctional Facility;" or "John Doe # 3, Co-Signer and Writer of Ticket, Cape Vincent Correctional Facility" as defendants in the amended complaint, accordingly they are dismissed as defendants.[2]

### 2. New Defendants

Plaintiff includes the following as defendants in the amended complaint, who were either not included in the complaint, or were dismissed by the May Order: "Sgt. John Doe # 1;" "John Does # 2, # 3, and # 4, Unknown Officers, Cape Vincent Correctional Facility;" and "Nunez, Inspector General's Office." Am. Compl. at 1-3. The Clerk will be directed to add

---

[2] Plaintiff has replaced "John Doe # 1, Warden-Superintendent Cape Vincent Correctional Facility, Administration Leader" with "Patricia LaConey, Superintendent, Cape Vincent Correctional Facility." Am. Compl. at 1-2.

these defendants to the docket report for this action.

### 3. Issuance of False Misbehavior Report by Sgt. John Doe # 1

As more fully set forth in the May Order, and in Part II.B., *supra*, the allegation that a false misbehavior report has been filed against an inmate, standing alone, does not implicate constitutional conduct. *Boddie*, 105 F.3d at 862 (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986), *cert. denied*, 485 U.S. 982 (1988)); *accord, Pittman v. Forte*, No. 9:01-CV-0100, 2002 WL 31309183, at *5 (N.D.N.Y. July 11, 2002) (Sharpe, M.J.); *see also Santana v. Olson*, No. 07-CV-0098, 2007 WL 2712992, at *2 (W.D.N.Y. Sept. 13, 2007) ("[T]he filing of a false behavior report by a correctional officer does not state a claim for relief."). The only way that false accusations contained in a misbehavior report can rise to the level of a constitutional violation is when there has been more such as "retaliation against the prisoner for exercising a constitutional right." *Boddie*, 105 F.3d at 862. The amended complaint is not read to assert a retaliation claim against Sgt. John Doe # 1. In addition, "[t]he filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing."[3] *Williams v. Smith*, 781 F.2d 319, 324 (2d Cir. 1986) (rejecting prisoner's "but for" argument as to guard who prepared misbehavior report but was not involved in Tier III hearing) (citation omitted).

Therefore, to the extent that plaintiff alleges that defendant Sgt. John Doe # 1 issued him a false misbehavior report, plaintiff fails to state a claim upon which relief may be granted.

---

[3] "The only constitutional violation that could occur in this situation is if plaintiff were not provided adequate due process in any proceeding which is based upon the misbehavior report. In that case, the claim is not based on [the] truth or falsity of the misbehavior report but instead on the conduct of the hearing itself." *Santana*, 2007 WL 2712992, at *2.

### 4. Remaining Claims

Mindful of the requirement to liberally construe pro se pleadings, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that the remainder of the allegations in the amended complaint are sufficient to warrant a responsive pleading from the remaining defendants. However, this is not a ruling on the merits and the court draws no conclusions about the truth of plaintiff's allegations or about the strength of evidence he might offer to corroborate them.

### 5. Doe Defendants

Plaintiff is advised that the United States Marshals Service cannot effect service on a "Doe" defendant. In the event that plaintiff wishes to pursue any claims against an unidentified defendant, he must take reasonable steps to ascertain the identity of that defendant. Upon learning the identity of a Doe defendant, plaintiff must seek permission to amend his complaint to properly name him or her as a defendant. If plaintiff fails to ascertain the identity of any Doe defendant so as to permit the timely service of process, this action will be dismissed as against that individual.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to edit the docket report for this action to replace "John Doe # 1, Warden-Superintendent, Cape Vincent Correctional Facility" with "Patricia LaConey, Superintendent, Cape Vincent Correctional Facility;" and it is further

**ORDERED** that "Deputy Commissioner of New York State Corrections;" "Sgt. John Doe # 2, Cape Vincent Correctional Facility;" and "John Doe # 3, Co-Signer and Writer of Ticket, Cape Vincent Correctional Facility" are dismissed as defendants to this action **with prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that the Clerk of the Court add "Sgt. John Doe # 1;" "John Does # 2, # 3, and # 4, Unknown Officers, Cape Vincent Correctional Facility;" and "Investigator Nunez, Inspector General's Office;" as defendants to this action; and it is further

**ORDERED** that plaintiff's claim regarding the issuance of a false misbehavior report is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim; and it is further

**ORDERED** that Sgt. John Doe # 1 is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the remaining defendants; and it is further

**ORDERED** that a response to the amended complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the defendants; and it is further

**ORDERED** that plaintiff take reasonable steps to ascertain the identity of any Doe defendant listed in the amended complaint, and, if appropriate, file a motion to amend his amended complaint seeking permission to add such individual, by name, as a defendant to this lawsuit; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: December 10, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge