UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ARIEL PAULINO,

                              Plaintiff,
                                                 9:12-CV-00076
v.

                                                 (TJM/TWD)

BRIAN FISCHER, CAPT. KNAPP; INVESTIGATOR
NUNEZ; PATRICIA LACONEY,

                                Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

ARIEL PAULINO
10-R-2742
Plaintiff *pro se*
Bare Hill Correctional Facility
Caller Box 20
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN                LAURA A. SPRAGUE, ESQ.
Attorney General for the State of New York
Attorney for Defendant
The Capitol
Albany, New York 12223

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

### ORDER AND REPORT-RECOMMENDATION

      This *pro se* civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c). Plaintiff Ariel Paulino was formerly an inmate in the custody of the New York State Department of

Corrections and Community Supervision ("DOCCS").[1] Plaintiff has sued Defendants Brian Fischer ("Fischer"), DOCCS Commissioner; Capt. Knapp ("Knapp"), hearing officer in Plaintiff's disciplinary proceeding at Cape Vincent Correctional Facility ("Cape Vincent"); Investigator Nunez ("Nunez"), of the Inspector Generals Office; and Patricia LaConey ("LaConey"), Superintendent at Cape Vincent.[2] (Dkt. No. 10.)

Plaintiff's claims arise out of the issuance of an allegedly false misbehavior report against him for smuggling and possession of drugs, and for the alleged denial of his due process rights in connection with the disciplinary hearing held on the charges. *Id*. Defendants have been sued in both their individual and official capacities. *Id*. at 11. Plaintiff seeks money damages as well as injunctive and declaratory relief. *Id*.

Defendants Fischer, Knapp, Nunez, and LaConey have moved for dismissal of Plaintiff's Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] (Dkt. No. 22.) Plaintiff has opposed the motion. (Dkt. No. 24.) For reasons that follow, I recommend that Defendants' motion be granted in part and denied in part.

---

[1] The Docket maintained by the Clerk's Office indicates that the NYS DOCCS lookup reflects that Plaintiff was released from incarceration on his maximum expiration date of March 1, 2013. (*See* March 18, 2013 Docket notation). Plaintiff has failed to provide the Clerk's Office with his current address.

[2] Plaintiff has included four John Doe defendants in his Amended Complaint. (See Dkt. No. 10 at 3.) The action was dismissed for failure to state a claim as against John Doe #1 by Judge McAvoy in his initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Dkt. No. 12 at 8.) It appears from the Docket maintained by the Clerk's Office in this matter that none of the remaining Doe Defendants have been identified or served and none are parties to the motion to dismiss now before me.

[3] Although not included in their notice of motion, Defendants also seek a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure barring discovery pending the resolution of this matter. (Dkt. No. 22-1 at 9.)

**I. BACKGROUND**[4]

On July 25, 2011, while Plaintiff was confined as an inmate at Cape Vincent, he was visited by a woman he has described as his common law wife. (Dkt. No. 10 at ¶ 3.) During the visit, a corrections sergeant, accompanied by two other officers, approached Plaintiff and his common law wife and instructed Plaintiff to sit down at a table. *Id*. at ¶ 4. Plaintiff's common law wife was forcibly seized and escorted out of the visiting area by the corrections sergeant and the other two officers. *Id*. at ¶¶ 4-5. Plaintiff did not see her again during the visit. *Id*. at ¶ 6.

Fifteen or twenty minutes later, the corrections sergeant and two other officers took Plaintiff to the Special Housing Unit ("SHU") where he was required to go to the bathroom in a pail so that his feces could be tested for drugs. *Id.* at ¶ 7. The day after being placed in SHU, Plaintiff was given a drug test which came back negative. *Id*. at ¶ 8. A day or two later, Plaintiff was given a letter indicating that his common law wife had been arrested for marijuana possession. The following day Plaintiff, who until that time had been told nothing about why he had been administratively segregated, was given a misbehavior report charging him with smuggling, possession of drugs, and conspiracy. *Id*. at ¶¶ 9-10. At his disciplinary hearing two days later, Plaintiff was informed that the misbehavior report came from the Inspector Generals Office, and Cape Vincent officials would have to wait until they received the supporting evidence to go forward with his hearing. *Id*. ¶ 11. Plaintiff objected to the delay. *Id*. at 11.

Plaintiff eventually learned that his common law wife had told authorities that the drugs

---

[4] The background facts are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of this motion. *See Chambers v. Time Warner, Inc*., 282 F.3d 147, 152 (2d Cir. 2002) (on a Rule 12(b)(6) motion, all factual allegations in the complaint are to be deemed true).

belonged to Plaintiff, and he had asked her to bring them to Cape Vincent. *Id*. at ¶ 7 Plaintiff also learned that the Inspector Generals Office had been routinely taping his phone calls without allowing Plaintiff to see a warrant. *Id*. at ¶ 7 and 11. Plaintiff, who denied the allegations in the misbehavior report, claims that he was not allowed to confront his accusers. *Id*. at ¶ 13. When Plaintiff spoke to his common law wife by telephone, she told him that she had never said he "had knowledge of, paid, solicited, importune (repeated request) of her possession of drugs, nor at any time did she request him to take drugs from her." *Id*. at ¶ 14.

Plaintiff claims to have had no assistant at his disciplinary hearing and to have been unable to utilize a compulsory process to obtain witnesses because he was in SHU. *Id*. at ¶ 15. Plaintiff was not allowed to cross-examine the informant who had implicated Plaintiff and his common law wife. Nor was Plaintiff allowed to fully cross-examine his common law wife, who testified that Corrections had tried to threaten, coerce, and intimidate her to implicate Plaintiff as soliciting her to smuggle narcotics. *Id*. at 9. In addition, Plaintiff did not get all of the witnesses he wanted or a videotape of the visiting area. *Id*.

The hearing officer imposed a penalty of eighteen months in SHU on Plaintiff. *Id*. at ¶ 17. The penalty was reduced to twelve months on appeal. *Id*.

## II. PROCEDURAL HISTORY

Plaintiff commenced this action in January of 2012 against Defendants Fischer; Deputy Commissioner of DOCCS; Knapp; John Doe #1, later identified and replaced in the caption by LaConey (*see* Dkt. No. 12 at 9); Sgt. John Doe #2; John Doe #3; and Nunez. (Dkt. No. 1.) In a May 14, 2012, Decision and Order, Judge McAvoy granted Plaintiff's request to proceed *in forma pauperis*. (Dkt. No. 7 at 2.)

Upon initial review of Plaintiff's original Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, Judge McAvoy found that Plaintiff's Complaint, liberally construed, could be found to assert the following claims: (1) deliberate indifference to the wrongdoing of DOCCS employees by Fischer and the Deputy Commissioner of DOCCS; (2) issuance of a disciplinary ticket by John Doe #3, which John Doe #3, Nunez, John Doe #2, and LaConey all knew or should have known was false and not based upon sufficient evidence; (3) denial of due process and equal protection because the misbehavior report was not signed under penalty of perjury, and at the disciplinary hearing witnesses were not required to testify under penalty of perjury; (4) denial of due process and equal protection because Plaintiff's common law wife was intimidated into implicating him for her marijuana possession and was later harassed while testifying at Plaintiff's disciplinary hearing; (5) recording of Plaintiff's phone calls without a warrant; (6) failure by Defendants to conduct an adequate investigation into the charges against Plaintiff; (7) conspiracy by Defendants to bring false charges against Plaintiff by threatening her to either testify against Plaintiff or face her own criminal charges; (8) failure by LaConey to intervene to correct the wrongdoing of her employees; and (9) denial of Plaintiff's due process rights at his disciplinary hearing by Knapp. *Id*. at 4-5.

Judge McAvoy dismissed the following claims with prejudice: (1) claims against John Doe #3, Nunez, John Doe #2, and LaConey related to the alleged falsity of the unsworn misbehavior report, *id*. at 10; and (2) claim that the charges against Plaintiff were not adequately investigated. *Id*. at 17. The district court dismissed all of Plaintiff's remaining claims without prejudice and ordered that the action be dismissed unless Plaintiff filed an amended complaint within thirty days. *Id*. at 17, 20. Plaintiff thereafter filed his Amended Complaint naming

5

Fischer, Knapp, Nunez, LaConey and John Doe #2, John Doe #3, and John Doe #4 as defendants. (Dkt. No. 10.)

III. ANALYSIS

    A. **Legal Standard Governing Motions to Dismiss for Failure to State a Claim**

A defendant may move to dismiss a complaint "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6). Fed.R.Civ.P. 12(b)(6). The motion tests the formal legal sufficiency of the complaint by determining whether it conforms to Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972). Satisfaction of the requirement that a plaintiff "show" that he or she is entitled to relief requires that the complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim that is plausible on its face." *Id*. at 570. While Rule 8(a)(2) "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me-accusation." *Iqbal,* 556 U.S. at 678 (citation and internal quotation

6

marks omitted). A complaint which "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Id.* (citation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Where a party is proceeding *pro se*, the court is obliged to "read [the *pro se* party's] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (courts remain obligated to construe *pro se* complaints liberally even after *Twombly*). Furthermore, "[i]n cases where a *pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside the complaint to the extent they are consistent with the allegations in the complaint." *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (considering factual allegations in plaintiff's opposition papers) (internal quotations and citations omitted), *vacated in part on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004).

Where a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation and internal quotation marks omitted). An opportunity to amend is not

required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation omitted).

B.  **Plaintiff's Official Capacity Claims For Money Damages Against Defendants**

Plaintiff has sued Defendants under § 1983 in both their individual and official capacities. (Dkt. No. 10.) Defendants seek dismissal of Plaintiff's official capacity claims for money damages against them on Eleventh Amendment grounds. (Dkt. No. 22-1 at 6-7.) The Eleventh Amendment protects states against suits brought in federal court. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The immunity granted the states under the Eleventh Amendment extends beyond the states themselves to state agents and instrumentalities that are effectively arms of the state, *Woods v. Rondout Valley Cent. School Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006), and bars all money damage claims against state officials acting in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985); *see also Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (an inmate plaintiff's claims for damages against individual Department of Correctional Services employees sued in their official capacities are considered claims against New York and, therefore, are barred by the state's Eleventh Amendment immunity). Therefore, the Court recommends that the Plaintiff's § 1983 claim for money damages brought against Defendants, including the nonmovant Doe Defendants, in their official capacities, be dismissed with prejudice on Eleventh Amendment grounds.[5]

---

[5] The District Court is empowered to dismiss the official capacity claims against the nonmovant Doe Defendants *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). *See, e.g., Savatxath v. City of Binghamton,* No. 3:12-CV-1492 (TJM/DEP), 2013 WL 603635, at *3, 2013 U.S. Dist. LEXIS 21710, at *7 (N.D.N.Y. Jan. 24, 2013) (*sua sponte* dismissal on Eleventh Amendment grounds of claim for money damages against Doe defendants in their official capacities pursuant to 28 U.S.C. 1915(e)(2)(B)).

### C. Defendants' Argument for Dismissal Under *Heck v. Humphrey*, 512 U.S. 477 (1994)

Defendants seek dismissal of Plaintiff's Amended Complaint under the "favorable termination" requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a § 1983 action seeking money damages is not cognizable if a finding in favor of the plaintiff would necessarily invalidate a criminal conviction unless the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at 487 (internal citations omitted). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

The rule announced in *Heck* applies whenever a prisoner challenges the fact or length of his conviction or sentence, including being deprived of "good time" credits in a prison disciplinary proceeding, where the deprivation impacts the duration his confinement. *See Edwards v. Balisok*, 520 US. 641, 646-648 (1997). *Accord Phelan v. Hersh*, No. 9:10-CV-0011 (GLS)(RFT), 2010 WL 277064, at *3, 2010 U.S. Dist. LEXIS 4252, at *8 (N.D.N.Y. Jan. 20, 2010); *Goston v. Potter*, No. 9:08-CV-478 (FJS/GJD), 2009 WL 1161020, at *4, 2009 U.S. Dist. LEXIS 36012, at *10-11 (N.D.N.Y. April 27, 2009).

It is clear from Plaintiffs' Amended Complaint that he is seeking damages for the penalty of eighteen months in SHU (reduced to twelve months on appeal) imposed by Defendant Knapp

9

after a guilty finding in Plaintiff's disciplinary hearing on the drug related misbehavior report. (Dkt. No. 10 at ¶ 17.) It is far less clear that the penalty imposed by Knapp included a loss of good time. The sole reference in Plaintiff's Amended Complaint to a loss of good time is in his First Cause of Action, where he alleges that the false unsworn misbehavior report, unsubstantiated by the evidence:

> caused plaintiff to be subject to 18 months in SHU box. To be held naked for days for contraband search and feces examination, and subject to pain and anguish, emotional distress loss of parole considerations, good time, to defend his self against unjustified disciplinary proceeding.

(Dkt. No. 10 at 9.) Plaintiff has not attached documentation of the penalty imposed by Knapp to his Amended Complaint, nor has he submitted such documentation with his opposition to Defendants' motion. Therefore, I cannot determine whether Plaintiff actually lost good time, or the inclusion of the reference to lost good time in his Amended Complaint is merely the result of the unfortunate borrowing of language from another *pro se* prisoner's pleading. Because Plaintiff has included a loss of good time allegation in his Amended Complaint, whether intended or not, he must show that the challenged determination of guilt in his disciplinary hearing has been reversed, declared invalid, or otherwise favorably terminated in order to pursue a claim for damages related to the duration of his confinement.[6] *Heck*, 512 U.S. at 487. He has

---

[6] Plaintiff was released from prison after he commenced this lawsuit. In *Huang v. Johnson*, 251 F.3d 65, 74-75 (2d Cir. 2001), the Second Circuit held that *Heck* did not bar a plaintiff's § 1983 suit where at the time the § 1983 action was commenced, the plaintiff was no longer in custody, thus rendering a habeas corpus remedy unavailable. The Court relied upon Justice Souter's concurrence, joined by three other Justices, in *Spencer v. Kemna*, 523 U.S. 1, 21 (1998), in which Justice Souter concluded that a former prisoner, no longer in custody and therefore no longer able to satisfy the favorable termination requirement, "may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to a favorable-termination requirement that it would be impossible as a matter of law for him to

not done so.

In *Peralta v. Vasquez*, 467 F.3d 98, 104-05 (2d Cir. 2006), the Second Circuit ruled that the favorable termination rule in *Heck* is not an absolute bar to a mixed sanctions claim challenging both the duration and conditions of confinement. The Court held in *Peralta* that "a prisoner subject to mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but that he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.*" *Id.* at 104. (emphasis in original). This action presents as a mixed sanctions lawsuit since Plaintiff is challenging both the conditions of his confinement in SHU and the duration of his confinement in his Amended Complaint.

In mixed sanction actions, a *pro se* plaintiff should be given the option of waiving any challenge to conditions affecting the duration of his confinement so that he can proceed with his claims with respect to the conditions of his confinement. *See, e.g., Goston,* 2009 WL 1161020, at *4 (in a mixed sanction case the court found it "must present [the *Peralta*] waiver option to Plaintiff and ascertain whether he is willing to waive, once and for all, all claims affecting the duration of his imprisonment in order to proceed with his claims affecting his conditions of

---

satisfy." District courts in the Second Circuit have found *Huang* inapplicable in cases like this one where the § 1983 action was commenced while the plaintiff was still incarcerated. *See, e.g., Gastelu v. Breslin*, No. 03-CV-1339 JG 2005 WL 2271933, at *4, 2005 U.S. Dist. LEXIS 20341, at *13-14 (E.D.N.Y. Sept. 12, 2005) ("[Plaintiff] was still in prison when he initiated his § 1983 action. Because his challenge would necessarily imply the invalidity of his confinement, he is precluded from bringing an action under § 1983. The fact that he was released while his § 1983 action was pending does not alter the result."); *Rolle v. Connell,* No. 9:05-CV-991 (NAM RFT), 2005 WL 3077474, at *2-3, 2005 U.S. Dist. LEXIS 29549, at *6-8 (N.D.N.Y. Nov. 16, 2005) (following *Gastelu*); *Hamm v. Hatcher*, No. 05-CV-503 (KMK), 2009 WL 1322357, at *8, n. 6, 2009 U.S. Dist. LEXIS 43975, at *28-29, n. 6 (S.D.N.Y. May 5, 2009) (same).

confinement," and direct dismissal of the complaint without prejudice upon failure to waive); *see also Phelan,* 2010 WL 277064, at *4 (allowing plaintiff thirty days within which to file a waiver of claims affecting the duration of his confinement and directing dismissal of his due process claim without prejudice upon failure to file the waiver).

I therefore recommend that the District Court allow Plaintiff an opportunity to waive all claims affecting the duration of his confinement, and that Plaintiff be advised that his failure to do so will result in dismissal of this action without prejudice.

### D. Plaintiff's Compensatory Damages Claim

Plaintiff seeks compensatory damages in the amount of $10,000,000 for the mental anguish and emotional distress he suffered as a result of being placed naked in an SHU cell where he was forced to go to the bathroom in a pail and being sentenced to eighteen months in SHU. (Dkt. No. 10 at 9 and 11.) Defendants have moved for dismissal of Plaintiff's claim for mental anguish and emotional distress damages because he has not alleged any physical injury as required under the Prison Litigation Reform Act of 1997, 42 U.S.C. § 1997e(e), which provides that "[n]o Federal civil action may be brought by a prisoner confined to jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

In the absence of allegations of physical injury, Plaintiff's claim for emotional and mental distress is subject to dismissal without prejudice under § 1997e(e) insofar as he seeks compensatory damages. However, § 1997e(e) does not preclude a prisoner from recovering nominal or punitive damages or seeking declaratory and injunctive relief without alleging physical injury. *See Thompson v. Carter*, 284 F.3d 411, 416-18 (2d Cir. 2012) (§ 1997e(e) does

not prevent a prisoner from obtaining injunctive and declaratory relief or recovering nominal and punitive damages). Plaintiff's prayer for relief is limited to injunctive and declaratory relief and monetary damages. (Dkt. No. 10 at 11.) Plaintiff has not specifically requested punitive damages.

At the time Defendants filed their motion to dismiss on January 29, 2013, Plaintiff was still incarcerated. Plaintiff's release from incarceration renders his claims for injunctive and declaratory relief moot. *See Hallett v. New York State Dept. of Corr. Servs.*, 109 F. Supp. 2d 190, 196 (S.D.N.Y. 2000) ("Because [plaintiff] is no longer incarcerated and under the supervision of any of the named defendants, his requests for injunctive relief are dismissed as moot."); *Salahuddin v. Coughlin*, 591 F. Supp. 353, 362 (S.D.N.Y. 1984) (claims for injunctive and declaratory relief are moot where plaintiff has been released on parole). However, because Plaintiff will be entitled to nominal damages if he ultimately prevails on his claim of emotional and mental distress, even if he is unable to establish physical injury, I recommend that Defendants' motion to dismiss under 42 U.S.C. § 1997e(e) be denied.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Defendants' Rule 12(b)(6) motion to dismiss (Dkt. No. 22) be **GRANTED** in part and **DENIED** in part as follows:

(1) Defendants' motion to dismiss Plaintiff's Amended Complaint in its entirety under *Heck v. Humphrey*, 512 U.S. 477 (1994) be **DENIED**;

(2) Defendants' motion to dismiss Plaintiff's claim for money damages against Defendants in their official capacities on Eleventh Amendment grounds be **GRANTED** as to all Defendants, including the nonmovant Doe Defendants; and

(3) Defendants' motion to dismiss Plaintiff's claim for emotional and mental distress be **DENIED**; and it is further

**RECOMMENDED** that Plaintiff be directed to advise the District Court in writing, within thirty days of the filing date of the Court's order, whether he waives for all times all claims in this action relating to disciplinary sanctions affecting the duration of his confinement in order to proceed with his claim challenging the sanctions affecting the conditions of his confinement; and that the Court specifically advise Plaintiff that the Court will deem his failure to file the required waiver statement within the required time to constitute his refusal to waive the claim, and that such failure will result in dismissal of this action without prejudice without further order of the Court; and it is further

**RECOMMENDED** that the Clerk be directed to return the file to the District Court for further review upon Plaintiff's full compliance with the Court's order, or, if at the expiration of thirty days Plaintiff has not complied with the terms of the Court's order; and it is hereby

**ORDERED**, that Defendants' request for a stay of discovery pending determination of their motion to dismiss is **DENIED**; and it is further

**ORDERED**, that the Clerk provide Plaintiff with copies of all of the unpublished decisions cited herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: June 14, 2013
      Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge